**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

MICHAEL M. MILLER,

       Plaintiff,

    v.                                                      Case No. 10-C-0876

DAVID A. CLARKE,

       Defendant.

**ORDER**

The plaintiff, who is incarcerated at Waupun Correctional Facility, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has paid an initial partial filing fee of $10.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be

2

supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here plaintiff has alleged that the Milwaukee County Sheriff violated his rights by feeding him "Nutra Loaf," which he contends is typically reserved for prisoners on segregation. Plaintiff seeks $800,000 in damages and an order banning the Milwaukee County Jail from serving Nutra Loaf. Nutra Loaf, which is also referred to as food loaf, is a substance prepared by grinding up and combining the various components of a regular prison meal. The substance is formed into a loaf and baked. The food loaf is similar to the nutritional and caloric content of regular prison meals. *Adams v. Kincheloe,* 743 F. Supp. 1385, 1390 (E.D. Wash. 1990).

Though plaintiff was permanently incarcerated at the Waupun correctional institution, he was transported to Milwaukee for a court appearance and was temporarily housed in the Milwaukee County Jail from January 25, 2010 to January 29, 2010. Because plaintiff was on segregation status in Waupun, the Milwaukee County Sheriff placed him in the County segregation unit during the five days plaintiff was in Milwaukee. Plaintiff was provided with three slices of bread plus Nutra Loaf

3

for each meal, per the Milwaukee County policy governing inmates in segregation. Unlike the Milwaukee County jail, segregation inmates at Waupun receive normal meals. During his five day stay in Milwaukee plaintiff decided not to eat at all for the first two days but eventually did eat the slices of bread, but not the Nutra Loaf. Plaintiff claims he was dizzy and his head was spinning. He also claims he called for a nurse but one never came.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Plaintiff's reliance on *United States v. Michigan*, 680 F. Supp. 270 (W.D. Mich. 1988), is misplaced because, though the district court held that serving Nutra Loaf could be punishment, it found no Eighth Amendment violation where an inmate was placed on a restricted diet consisting of Nutra Loaf for one week.

This plaintiff cites no authority for his contention that his segregation conditions at Waupun needed to be strictly re-created during his five day stay in the Milwaukee County Jail. A plaintiff who is on segregation status does not have a constitutional right to segregation conditions that are identical to his home prison when he is temporarily housed in another facility. While plaintiff did not violate any rules at the Milwaukee County Jail, he did violate rules at Waupun which lead to his segregation status. He concedes that the only reason he was placed in segregation in Milwaukee was because he was still on segregation status back at Waupun. Plaintiff does not argue that his segregation at Waupun was improper. I hold, as a matter of law, that this Plaintiff fails to state a claim under Section 1983 where he alleges he was fed Nutra Loaf for five days while he was temporarily in a county jail; while plaintiff did not violate county jail rules, he was on segregation

4

status at his home correctional institution and the county jail had a policy that all inmates on segregation status received Nutra Loaf.

Further, the fact that plaintiff was on the Nutra Loaf diet for only a very limited period of time (five days) further persuades this Court that there has been no violation of the Eighth Amendment. *See McEachin v. McGuinnis,* 357 F.3d 197, 199-201 (2d Cir.2004) (affirming district court's dismissal of Eighth Amendment claim alleging, inter alia, that inmate was placed on a restricted diet consisting of "loaf" for seven days); *Breazil v. Bartlett,* 998 F. Supp. 236, 240-242 (W.D.N.Y.1997) (no Eighth Amendment violation where inmate was placed on pre-hearing restricted diet consisting of "Nutra-loaf" for one week); *Adams v. Kincheloe,* 743 F. Supp. 1385, 1388-1393 (E.D. Wash.1990) (no Eighth Amendment violation where plaintiff was placed on pre-hearing restricted diet consisting of "nutra-loaf" for five days). Even accepting all of plaintiff's allegations as true, serving of Nutra Loaf to this plaintiff does not, as a matter of law, constitute a violation of his Eighth Amendment right against cruel and unusual punishment. To that extent, plaintiff does not have a cause of action under 42 U.S.C. § 1983.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

5

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $340.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Warden of the Correctional Institution where plaintiff is confined, to Milwaukee County Sheriff David A. Clarke, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin, this __12th__ day of October, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge